UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SAMUEL DIAZ                    :
                               :
v.                             :   C.A. No. 21-00416-WES
                               :
PETER F. NERONHA               :

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL**

Lincoln D. Almond, United States Magistrate Judge

On October 15, 2021, Samuel Diaz filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1).  Petitioner also filed an Application to Proceed Without Prepayment of Fees and Affidavit, which was referred to me for determination.  (ECF No. 8).  Because his Application did not provide sufficient information, I ordered that he provide the Court with a certified copy of his Prisoner Trust Account, which he filed on November 18, 2021. (ECF No. 19).

Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254, this Court is required to examine a Petition, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition...."  For the reasons discussed below, I recommend that Diaz's Petition for Writ of Habeas Corpus (ECF No. 1) be DISMISSED because he has failed to exhaust his state remedies and that his Application to Proceed Without Prepayment of Fees and Affidavit (ECF No. 8) be DENIED as moot.

**Discussion**

Diaz is a prolific filer in this Court. In a Report and Recommendation recently issued in C.A. No. 21-411-WES, Magistrate Judge Sullivan noted that Diaz has attempted to challenge the constitutionality of his incarceration at the Adult Correctional Institutions seven times, each of which was dismissed at screening. See ECF No. 10 in C.A. No. 21-411. As a result of his frivolous filings, Judge Sullivan recommended that his IFP application in that case be denied as moot pursuant to the three-strike rule. Id. In a footnote, Judge Sullivan observed that the present case, which was filed three days after C.A. No. 21-411, contains "substantially similar arguments" but this case is "framed as a habeas corpus petition. (ECF No. 10 at p. 1, n.1).

In addition to his propensity to seek relief via civil actions, Petitioner has also previously sought habeas corpus relief in this Court. On May 27, 2021, Judge McElroy dismissed Mr. Diaz's 28 U.S.C. § 2254 Petition, noting that although his Petition was timely, it was unexhausted because his application for Post-Conviction Relief (PCR) was pending, and even if it was decided, he needed to seek review before the Rhode Island Supreme Court prior to bringing a petition in federal court. (ECF No. 61 in C.A. No. 20-383-MSM).

Like his previous attempt to seek habeas relief, the present Petition is procedurally barred because it is apparent from his filings that he has not yet exhausted his state court post-conviction relief remedies. 28 U.S.C. §§ 2254(b)(1) and (c) codifies the exhaustion requirement in habeas cases brought by state prisoners; that section provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State;

> \* \* \*
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained that this section mandates that a state prisoner "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The petitioner bears a "heavy burden" to demonstrate satisfaction of the exhaustion requirement. Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011); Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002); Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997). Failure to shoulder this burden "is ordinarily fatal to the prosecution of a federal habeas case." Coningford, 640 F.3d at 482; see also Jackson v. Coalter, 337 F.3d 74, 86 (1st Cir. 2003).

The exhaustion doctrine requires a habeas petitioner to "fairly present" his federal constitutional claim to the state courts, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see also Fortini v. Murphy, 257 F.3d 39, 44 (1st Cir. 2001). The "substance" of the claim, Picard v. Connor, 404 U.S. 270, 278 (1971) – in other words, "both the factual and legal underpinnings of [the] claim," Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989), must be presented. See Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam).

It is clear from the face of the Petition that the exhaustion requirement has not been met. In response to Question 9 on the Petition, Diaz stated that he filed an appeal that was "still open with no court date ? as of 8-31-2021…." (ECF No. 1 at p. 3). In response to several other questions regarding the "date of result" for pending appeals he simply handwrites a question

mark. Id. At p. 4. Later he states "[t]he State & Courts are covering up for Each Other." Id. He also notes, "I sent evidence to Supreme Court No Responses I don't know why." Id. at p. 6. When asked to answer whether he exhausted his states remedies, he writes: "[t]he Courts are attempting to not close the Case # of the appeal KM-2020-0230 so the state court would think I did not complete my remedies I need to go Federal we have a serious issue to where the state is abusing there [sic] place illegally." Id. at p. 6. In addition to the statements made by Petitioner, Judge Sullivan recently noted that the public docket for KM-2020-0230 does not indicate that a decision was issued or that the any such decision has been appealed to the Rhode Island Supreme Court. (ECF No. 10 at p. 3, n.6 in C.A. No. 21-411-WES.) Judge Sullivan's observation remains timely.

Accordingly, this Court is recommending that Diaz's Petition be dismissed sua sponte pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. In making this recommendation, this Court has taken all of the allegations in Diaz's Petition as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Petitioner's allegations and legal claims since they have been put forth by a pro se litigant. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review, Diaz's Petition fails to demonstrate any plausible entitlement to habeas relief.

**Conclusion**

For the reasons stated, I recommend that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE

because it is unexhausted. I further recommend that the Application to Proceed Without Prepayment of Fees and Affidavit (ECF No. 8) be DENIED as MOOT.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 23, 2021